# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT TOTH, | CASE NO. 1:09-CV-01813-DLB PC |
| Plaintiff, | ORDER DENYING MOTIONS TO ACCEPT INTO EVIDENCE |
| v. | (DOCS. 6, 7, 9) |
| BRIDGES, et al., | ORDER DENYING MOTION TO CONSOLIDATE |
| Defendants. | (DOC. 14) |

Plaintiff Robert Toth ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court are three motions to accept affidavits into evidence, filed March 10, 2010 and April 16, 2010. Also pending is Plaintiff's motion to consolidate this case with a pre-existing action, filed July 27, 2010.

**I.      Motions To Accept Affidavits As Evidence**

Plaintiff attempts to include as evidence letters from Thomas Clinton and Andrew Hodgins, who are not parties. Plaintiff also includes two affidavits from Plaintiff. Plaintiff has been told previously that the Court cannot serve as a repository for evidence. (August 16, 2009 First Informational Order ¶ 6.) Parties may not file evidence with the Court until the course of litigation brings the evidence into question. (*Id.*) Plaintiff's complaint is still at the screening stage, and the Court has made no request for additional evidence. Accordingly, Plaintiff's motion to accept affidavits as evidence is DENIED.

1

## II. Motion To Consolidate

Plaintiff seeks to consolidate this action with *Toth v. Cate, et al.*, Case No. 1:09-CV-01432-GSA PC. Actions may be consolidated if they involve a common question of law or fact. Fed. R. Civ. P. 42(a). "After weighing the equities of the case, the district court may exercise its discretion to dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions." *Adams v. California Dept. of Health Services*, 487 F.3d 684, 688 (9th Cir. 2007). "Plaintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendants.'" *Id.* (quoting *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977) (en banc)). "[A] suit is duplicative if the claims, parties, and available relief do not significantly differ between the two actions." *Id.* at 689.

Plaintiff contends that Plaintiff will file an amended complaint in *Toth v. Cate*, elaborating on the conduct of Defendant Bridges in relation to other defendants named in *Toth v. Cate*. Having reviewed Plaintiff's action in Case No. 1:09-CV-01432-GSA PC, the Court does not find Defendant Bridges' alleged conduct involves the same questions of law or fact. These actions are not so similar that consolidation will resolve the matter efficiently. The Court will thus not consolidate these actions. If Plaintiff wishes to voluntarily dismiss this action and add Defendant Bridges as a Defendant in the other, Plaintiff may do so. As currently plead, however, Plaintiff's action here and in *Toth v. Cate* do not involve a common question of law or fact that would merit consolidation. Accordingly, Plaintiff's motion for consolidation is DENIED.

IT IS SO ORDERED.

Dated:   **September 16, 2010**            /s/ **Dennis L. Beck**
                                             UNITED STATES MAGISTRATE JUDGE